# Exhibit B

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| In the receivership of:<br><br>DOCKLIGHT BRANDS INC., a Delaware corporation. | Case No. 23-2-24886-4<br><br>**ORDER APPOINTING GENERAL RECEIVER PURSUANT TO RCW 7.08.030(3) AND RCW 7.60.025(1)(j)** |

This matter came before the Court upon the petition (the "Petition") of Docklight Brands Inc. ("Assignor") for the appointment of Dominique R. Scalia ("Assignee") as general receiver of all of Assignor's assets pursuant to chapter 7.08 RCW and chapter 7.60 RCW. The Court, being fully informed, finds as follows:

  A. Assignor is a Delaware corporation, with Seattle, Washington as its principal place of business.

  B. Jurisdiction and venue are proper in King County.

  C. On December 14th, 2023, Assignor assigned, conveyed, transferred, and set over (the "Assignment") unto Assignee, all of Assignor's property (the "Assets," comprising the "Receivership Estate") for the benefit of Assignor's creditors pursuant to RCW 7.08.030(1).

  D. A copy of the Assignment, including the schedules required by RCW 7.08.030 and RCW 7.60.090(3), was attached to the Petition as Exhibit 1. The Assets include all of

ORDER APPOINTING GENERAL RECEIVER - 1

Assignor's assets and property and is not necessarily limited to all assets listed in the schedules attached to the Assignment.

E. On December 15th, 2023, Assignee accepted the trust created by the Assignment and agreed to carry out, faithfully and without delay, Assignee's duties under the Assignment.

F. Assignee is eligible and qualified to act as general receiver of the Assets in accordance with RCW 7.60.035. Assignee is not interested in this action and has substantial experience as the receiver of similar estates.

G. Appointment of Assignee as general receiver is appropriate pursuant to RCW 7.08.030(4) and RCW 7.60.025(1)(j).

NOW THEREFORE it is hereby ORDERED as follows:

1. **Appointment**. Assignee is hereby appointed general receiver (hereinafter, the "Receiver") to take charge over all Assets, including but not limited to all assets listed on the schedules attached to the Assignment, wherever located. During the receivership, and until further order of the Court, the Assets shall remain under this Court's exclusive jurisdiction in accordance with RCW 7.60.055. The Receiver shall not be subject to the control of any of the parties to this matter, but shall be subject only to the Court's direction in the fulfillment of the Receiver's duties. Entry of this Order, countersigned by the Receiver, evidences the Receiver's acceptance of her rights and duties hereunder and constitutes administration of any required oath of office.

2. **Bond**. The Receiver shall, within 14 days of entry of this Order, post a $10,000 bond with the Clerk of the Court to secure performance of the Receiver's duties hereunder pursuant to RCW 7.60.045. The Receiver is authorized to pay the initial bond premium and any premiums for the extension thereof, from the Assets, or, in the event there are insufficient funds in the Receivership Estate with which to pay such premiums, to be subsequently reimbursed for the bond premiums from Receivership Estate funds once sufficient funds become available.

ORDER APPOINTING GENERAL RECEIVER - 2

3. **Authority of the Receiver**. Unless and until otherwise ordered by the Court, the Receiver shall be a general receiver, with exclusive possession and control over all Assets, with the power, rights and authority vested in it by RCW 7.60.060, including but not limited to authority and control over all of Assignor's accounts (including without limitation, bank accounts). In addition:

a. The Receiver is authorized to liquidate the Assets and/or wind-up the Assignors' affairs, pursuant to RCW 7.60.260. The Receiver's sale of Assets shall be effected free and clear of liens and of all rights of redemption, whether or not the sale will generate proceeds sufficient to satisfy fully all claims secured by the property. Upon any sale free and clear of liens in accordance with this order, all security interests and other liens encumbering the property conveyed transfer and attach to the proceeds of the sale, net of reasonable expenses incurred in the disposition of the property and receivership expenses allocated to the disposition of the property (including approved fees and costs of the Receiver and her professionals), in the same order, priority, and validity as the liens had with respect to the property immediately before the conveyance. The Receiver may file a motion to sell any of the Assets (a "Sale Motion") upon 30 days' written notice to Assignor, all parties on the master mailing list and any other party requesting notice in this receivership. Nothing herein shall prevent the Receiver from requesting a shorter notice period in connection with any such Sale Motion.

b. The Receiver is authorized to contract with or hire, pay, direct and discharge all persons deemed necessary by the Receiver, in her sole discretion, for the operation, management, and maintenance and liquidation of the Assets.

c. The Receiver shall have the power to do all things which the owner of the business or property might do in the ordinary course of the operation of the business as a going concern or use of the property including, but not limited to, the purchase and sale of goods or services in the ordinary course of such business, and the incurring and payment of expenses incidental to the Receiver's preservation, use, refinancing, renegotiation, foreclosure, sale or

ORDER APPOINTING GENERAL RECEIVER - 3

1  other disposition of the Assets (including distribution of proceeds to creditors) with respect to
2  which the Receiver's appointment applies, and otherwise in the performance of the Receiver's
3  duties, including the power to pay obligations incurred prior to the Receiver's appointment if and
4  to the extent that (i) payment is determined by the Receiver to be prudent in order to preserve the
5  value of property in the Receiver's possession, and (ii) the funds used for this purpose are not
6  subject to any lien or right of setoff in favor of a creditor who has not consented to the payment
7  and whose interest is not otherwise adequately protected.

8       d.    The Receiver may establish a segregated account ("<u>Bank Account</u>") at a
9  federally insured bank with branches in the State of Washington, or may continue to use the
10  Assignor's existing accounts. The Receiver shall have the power to present for payment any
11  checks, money orders, and other forms of payment made payable to the Assignor, or such similar
12  names, which constitute or are derived from the rents and profits of the Assets, endorse same and
13  collect the proceeds thereof, such proceeds to be used and maintained as elsewhere provided
14  herein. The Receiver shall have the sole and exclusive authority to disburse funds from the Bank
15  Account. The Receiver shall have authority to take possession of bank and other deposit
16  accounts of the Assignor related to the Assets, and to use, open, transfer and change all bank and
17  trade accounts relating to the Assets, so that all such accounts are in the name of the Receiver.

18       e.    Funds of approximately $1,840,461.69 (the "Disputed Funds") due to
19  Assignor, representing net proceeds of litigation settlement after payment of attorneys' fees, are
20  currently being held in the client trust account at the law firm of Gordon Tilden Thomas and
21  Cordell, LLP (the "GTTC Trust Account"). Marley Green, LLC ("Marley Green") asserts a
22  constructive trust in the Disputed Funds; Assignor denies that the Disputed Funds are subject to a
23  constructive trust and asserts that it has unfettered rights to the funds and may have claims
24  against Marley Green for restricting its access to the Disputed Funds through the assertion of
25  baseless claims. The Disputed Funds shall be transferred to the Bank Account. All rights of
26  Marley Green to assert a constructive trust over the Disputed Funds shall transfer to the Bank

ORDER APPOINTING GENERAL RECEIVER - 4

Account and be preserved and allowed to the same extent as if the Disputed Funds remained in the GTTC Trust Account.

   f. The Receiver shall also disburse funds from the Bank Account to pay all amounts necessary to maintain such insurance on the Assets as the Receiver deems reasonable and necessary for the preservation of the Assets. Payment of expenses incurred in the ordinary course of business, along with payroll, payroll taxes, employee benefits, property management company fees, as applicable, utilities, insurance, taxes, landscaping, janitorial services, and maintenance shall not require prior approval of the Court. Notwithstanding any provision to the contrary, the Receiver is authorized to pay any pre-Assignment wages and employee benefit claims of the Assignor's employees, including those listed in Schedule A to the Assignment upon entry of this Order, to the extent such wages and benefits were earned by such employee within the 45 days preceding the Assignment.

   g. The Receiver shall have the power to assert any rights, claims, or choses in action of Assignor, if and to the extent that the claims are themselves part of the Assets or related to any of the Assets, to maintain in the Receiver's name or in the name of Assignor any action to enforce any right, claim, or chose in action, and to intervene in actions in which Assignor is a party for the purpose of exercising the power under this subsection.

   h. The Receiver shall have the power to intervene in any action in which a claim is asserted against Assignor, for the purpose of prosecuting or defending the claim and requesting the transfer or venue or the action to the Court. However, the Court shall not transfer actions in which both a state agency is a party and as to which a statute expressly vests jurisdiction or venue elsewhere.

   i. The Receiver shall have the power to assert rights, claims, or choses in action of the Receiver arising out of transactions in which the Receiver is a participant.

ORDER APPOINTING GENERAL RECEIVER - 5

    j. The Receiver shall have the power to pursue in the name of the Receiver any claim under RCW 19.40 which is assertable by any creditor of Assignor, if pursuit of the claim is determined by the Receiver to be appropriate.

    k. The Receiver may seek and obtain advice or instruction from the Court with respect to any course of action with respect to which the Receiver is uncertain in the exercise of the Receiver's powers or the discharge of the Receiver's duties upon motion to the Court.

    l. The Receiver may obtain appraisals with respect to the Assets or may forego such appraisals, in the Receiver's sole business judgment.

    m. The Receiver shall have the power by subpoena to compel any person to submit to an examination under oath, in the manner of a deposition in a civil case, and produce documents, with respect to the Assets or any other matter that may affect the administration of the Receivership.

  4. **Collections**. The Receiver is authorized to bring and prosecute actions for (i) the recovery of any Assets held by third parties; and (ii) collection of any sums owing to Assignor which constitute Assets. The Receiver may undertake collection in Assignor's and/or the Receiver's name. The Receiver may alter the place of payment, settle, compromise and otherwise take all actions necessary to collect all outstanding accounts receivable of Assignor, without further order of the Court and to liquidate all other Assets, including without limitation notifying account debtors to pay the Receiver directly the proceeds of all outstanding accounts receivable and a copy of this Order may be remitted to account debtors and may be relied upon by account debtors as authority to pay the Receiver solely and directly. Any account debtor who makes payment to the Receiver shall have full credit in the amount of such payment with respect to its obligations owing to Assignor.

  5. **Reports**. The Receiver shall file with the Court quarterly reports of the Receiver's operations and financial affairs including the information required by RCW 7.60.100,

ORDER APPOINTING GENERAL RECEIVER - 6

which reports shall be due by the last day of the month subsequent to the end of the reporting quarter. The first such report shall cover December, 2023 through March, 2024, and shall be filed on or before April 30, 2024. Copies of such reports shall be furnished to the Assignor and any party requesting notice in this proceeding.

6. **Services/Tax Returns**. The Receiver is authorized to perform and/or direct performance of legal, accounting, consulting and tax services with respect to the Assets, as necessitated by this proceeding or by law in connection with the performance of the Receiver's duties. However, the Receiver shall be under no obligation to complete or file tax returns or other regulatory or governmental reports on behalf of Assignor, such responsibility to remain with Assignor; but the Receiver shall furnish Assignor with such access to books and records within the Receiver's custody or control as reasonably may be requested by them and necessary in order for them to complete and file such returns, or other regulatory or governmental filings or reports. Nothing herein shall be construed as imposing any obligation on the Receiver for any taxes except as set forth in RCW 7.60.170(1)(b). In order to perform her responsibilities, the Receiver is further authorized, without further order of the Court, to contract in her name or in Assignor's name, or otherwise provide for goods, materials, services and supplies as determined by the Receiver to be necessary and appropriate for the administration of the receivership or the preservation of the Assets, and to pay such sums as the Receiver determines to be reasonable for such goods, materials, services and supplies. The Receiver may establish and maintain accounting, bookkeeping, and record keeping systems as she determines to be advisable in connection with her work.

7. **Executory Contracts/Leases**. The Receiver is authorized to assume or reject executory contracts and unexpired leases of Assignor, as the Receiver deems in her reasonable business judgment to be in the best interests of the creditors generally, provided such assumption or rejection shall require a further order of this Court after notice to the parties in accordance with RCW 7.60.130.

ORDER APPOINTING GENERAL RECEIVER - 7

8.  **Abandonment**. In accordance with RCW 7.60.150, the Receiver, upon order of the Court following notice and a hearing, and upon the conditions or terms the court considers just and proper, may abandon any estate property that is burdensome to the Receiver or is of inconsequential value or benefit. Property that is abandoned no longer constitutes estate property and may be disposed of or destroyed at the Receiver's option.

9.  **No Liability**. No obligation incurred by the Receiver in the good faith performance of the Receiver's duties in accordance with the order of this Court, except to the extent such obligation is found to have resulted from willful misconduct or fraudulent behavior, whether pursuant to any contract, by reason of any tort, or otherwise, shall be the Receiver's personal obligation; rather, the recourse of any person or entity to whom the Receiver becomes obligated in connection with the performance of her responsibilities, shall be solely against the Assets. Notwithstanding any provision of this Order, the Receiver shall not be required to expend any personal funds to comply with any of the provisions of this Order.

10. **Preservation of Assets**. The Receiver is authorized to do all things determined by the Receiver to be necessary to protect and preserve the Assets and the proceeds thereof and to maintain or enhance their value or income producing potential and to exercise all of the powers, duties and other authorities as may be provided by law or which may be necessary in the fulfillment of her duties, and all powers which the owner of the Assets itself might exercise with respect thereto or with respect to the business associated with them.

11. **Actions Stayed**. In accordance with RCW 7.60.110, entry of this Order operates as a stay of certain actions by any party (the "Stay"), including but not limited to obstructing, delaying, or interfering with the Receiver in her performance; taking any action purporting to transfer, encumber or dispose of the Assets or any portion of the Assets; and destroying any books and records relating to the Assets. RCW 7.60.110(2) directs that the Stay shall expire sixty days after entry of an appointment order. In order that the Receiver may administer the Assets with minimal interference and expense, the Stay is hereby extended to remain in effect

ORDER APPOINTING GENERAL RECEIVER - 8

until the earlier of (a) the termination of the receivership, or (b) upon the motion of any party in interest, and entry of an order terminating the stay resulting from same.

12. **Licenses**. The Receiver is authorized to acquire or renew all governmental licenses, permits or other authorizations, either in the Receiver's name or in the name of Assignor, pertaining to the Assets or any business associated therewith.

13. **Duty of Cooperation**. The Assignor, its attorneys, and all of the existing and former officers, directors, managers, agents, consultants and employees of Assignor, and all persons with actual or constructive knowledge of this Order and their agents and employees, shall cooperate with the Receiver in connection with the Receiver's management and operation of the Assets. Each of them shall relinquish and deliver possession of the Assets to the Receiver upon demand, and turn over to the Receiver all records, books, contracts, lease documents, plans and specifications, accounting records, deposits, and documents relating to Assignor, or the financing, management, control, operation, and preservation of the Assets. Upon request of the Receiver, the Assignor shall instruct all entities now or hereafter in possession of any portion of the Assets to deliver such Assets and to make all payments to Receiver or the Receiver's designee until further Order of this Court. All financial institutions, credit card processors, insurance agents or underwriters, utility providers, vendors, suppliers, tradesmen, materialmen, service providers, franchisors, taxing agencies, and all government agencies and departments are hereby ordered to take direction from the Receiver as it relates to the accounts of the Assignor and to surrender any and all funds held on deposit or apply said funds as directed by the Receiver.

14. **Receiver's and Other Professionals' Compensation**. The Receiver and her agents, including attorneys and any accountants or other professionals, shall be entitled to reasonable compensation for services rendered and reimbursement for expenses incurred which are (a) related to the Receiver's duties, rights, and obligations under this Order or any future orders of the Court and applicable law; (b) related to the administration, management, protection

ORDER APPOINTING GENERAL RECEIVER - 9

and sale of the Assets; or (c) related to the defense or prosecution of any claim or suit brought by or against the Receiver in the administration of the receivership estate. All actual and necessary expenses incurred in the administration of the receivership estate, including but not limited to the Receiver and her professionals' fees and costs, shall be afforded first priority status pursuant to RCW 7.60.230(1)(b).

The Receiver's fee shall be based on the usual and customary hourly rates of Receiver. Receiver may use principals and employees of D. Bugbee & Scalia, PLLC ("DBS"), as necessary, in order to fulfill the Receiver's tasks. The hourly rate of Dominique Scalia through 2024 is $440.

Payment of the Receiver's fee shall be subject to paragraph 16 below.

15. **Counsel for the Receiver**. Subject to the payment provisions of this order, DBS is hereby authorized and appointed to act as attorney for the Receiver and is qualified pursuant to RCW 7.60.180. DBS shall be compensated for all such services at the then standard hourly rates of any attorneys and paraprofessionals of the firm. The Receiver may perform legal work at her hourly rate of $440. The standard hourly rates for other DBS personnel who may be involved are: $510 for Daniel Bugbee, $415 for Claire Rootjes and $225 for paralegal time.

16. **Interim Professional Compensation; Final Review**. The Receiver is authorized to disburse funds from the receivership estate, including without limitation the Assets, as payment for her fees and costs, and for the reasonable fees and reimbursement of costs and expenses of her professionals as adjusted, but not more often than monthly. This provision replaces any notice of compensation requirements set forth in RCW 7.60.190(6)(d), as follows:

a. Within at least ten (10) calendar days of any proposed disbursement of interim compensation, the Receiver shall cause to be filed a notice of compensation of professionals (the "Compensation Notice") and serve such Compensation Notice on (i) all persons that have requested notice in this receivership, and (ii) any other person or entity that has asserted any lien against the Assets. If no objection to the proposed disbursement is filed within

ORDER APPOINTING GENERAL RECEIVER - 10

ten (10) calendar days following the filing and service of the Compensation Notice, the proposed disbursement shall be deemed approved without a hearing or further order of the Court.

      b.    Objections to a proposed disbursement of interim compensation shall be deemed to have been given (a) when delivered to Receiver's counsel by hand-delivery or overnight courier service, or (b) when delivered to Receiver's counsel by electronic mail in PDF format to dbugbee@lawdbs.com, with copy to dscalia@lawdbs.com.

      c.    The approved fees and costs of the Receiver and her professionals shall be paid in cash from the Assets, the gross receipts derived from the Assets, or other property of the receivership.

      d.    If any creditor or other party in interest objects to a proposed disbursement, such person shall notify the Receiver, either directly or through Receiver's counsel, in writing of the nature of the objection, stating the nature and scope of the objection, within the ten-day objection period set forth above. Only those portions of the fees, costs and expenses that are the subject of timely objections will be withheld from payment until the objection is resolved, and all other portions of the fees, costs and expenses will be deemed approved without further order or leave of the Court.

      e.    In the event of an objection to a proposed disbursement, the Receiver or the objecting party may schedule a hearing on not less than seven (7) days' notice and the Court will determine the amount of compensation and costs to be disbursed to such professional. In exercising its discretion, the Court may consider any and all factors that it deems to be relevant and appropriate. If the objecting party fails to file a motion within seven (7) days of the date of the objection, the objection is deemed waived.

      f.    Any secured creditor who receives notice of this receivership pursuant to RCW 7.60.200 and fails to seek removal of the Receiver pursuant to RCW 7.08.030(5) or dismissal of the Receivership, within 30 days following the date upon which notice of the receivership is mailed to creditors, shall be deemed to have consented to the Receivership for

ORDER APPOINTING GENERAL RECEIVER - 11

purposes of RCW 7.60.230(1)(b); provided that in accordance with the provisions of this Order and the applicable provisions of RCW 7.60. et seq., any secured creditor shall have the right to object to the amount of any administrative expenses, including without limitation, the fees, charges and expenses of the Receiver, her attorneys and other professional persons entitled priority over the claims of such secured creditor, in accordance with the Compensation Notice objection procedures contained herein.

17. **[Intentionally left blank.]**

18. **No Appraisal or Inventory Required**. The Receiver is excused from seeking an independent professional appraisal of the Assets or filing an inventory, absent a further order of this Court.

19. **Utilities**. Any utility company providing services to the Assignor, including gas, electricity, water, sewer, trash collection, telephone, communications or similar services, shall be prohibited from discontinuing service based upon unpaid bills incurred by Assignor. Further, such utilities shall transfer any deposits held by the utility to the exclusive control of such Receiver and be prohibited from demanding that the Receiver deposit additional funds in advance to maintain or secure such services.

20. **Mail**. Receiver may issue demand upon the U.S. Postal service to grant exclusive possession and control of mail including postal boxes as may have been used by Assignor and may direct that certain mail related to the Assets and its business be redirected to Receiver.

21. **Service of Pleadings**. Any motion by the Receiver for Court approval of any act of the Receiver requiring Court approval shall be served upon the Assignor and upon each other party who has filed and served upon the Receiver a notice of appearance in this proceeding. In addition to service by mail or personal service, service may be made by facsimile or email. Notice of any motion may be made by mail, email, facsimile, or personal service five (5) calendar days in advance of any hearing, by confirmed facsimile five (5) calendar days in

ORDER APPOINTING GENERAL RECEIVER - 12

advance of any hearing, or as otherwise may be approved by the Court. The Receiver shall be deemed to have provided adequate notice if it complies with this section.

22. **Insurance**. The Receiver shall determine upon taking possession of the Property whether in the Receiver's judgment, there is sufficient insurance coverage. With respect to any insurance coverage in existence or obtained, the Receiver shall be named as an additional insured on the policies for the period of the receivership. If sufficient insurance coverage does not exist, the Receiver is authorized to procure sufficient all-risk and liability insurance on the Assets provided, however, that if the Receiver does not have sufficient funds to do so, the Receiver shall seek instructions from the Court with regard to adequately insuring the property. The Receiver shall not be responsible for claims arising from the lack of procurement or inability to obtain insurance.

23. **Termination**. The receivership shall not be terminated, and the rights and obligations of the parties subject to this Order shall remain in full force, until this Court approves the Receiver's final report or until the court enters an order terminating the receivership. In the event the receivership estate is without sufficient liquid cash funds to pay on a current basis the reasonable fees and costs earned and incurred by the Receiver and her professionals, the operating/business expenses of the Assignor's business, and/or any other expenses of this receivership or any of the projected future fees, costs, expenses of the receivership or operation of the Assignor's business, good cause for termination of the receivership shall be deemed to exist and, upon application by the Receiver establishing such lack of funding for the receivership, the appointment of the Receiver and her professionals shall be terminated and the Assets shall be distributed as the Court may then direct.

24. **Notice of Receivership**. Within thirty (30) days following the entry of this Order, all known holders of liens against the Assets and all creditors on Schedule A of Assignor's Assignment for the Benefit of Creditors will be sent notice of the entry of this Order and such further notices as the Court may order to their last known addresses by first class U.S.

ORDER APPOINTING GENERAL RECEIVER - 13

mail. The Receiver is not required to publish notice of the receivership. As it is anticipated that there will be an expeditious administration of estate assets and a one hundred and eighty day period for state agencies to submit claims will unnecessarily delay administration and termination of the receivership, the one hundred and eighty (180) day period for state agencies to submit claims shall be shortened to sixty (60) days pursuant to RCW 7.60.055.

25. **Commercially Reasonable Efforts/Further Construction**. The Court acknowledges the Receiver's ability to perform under this Order may be limited by various factors, including but not limited to Receiver's limited access to information. The Court therefore requires only Receiver's commercially reasonable efforts to comply with the duties set forth in this Order and the Receiver may at any time apply to this Court for further or other instructions, or for a modification of this order, or for further powers, or for a termination of the Receiver's appointment.

26. **Discharge/Final Report**. Upon distribution or disposition of all property of the estate, or the completion of the Receiver's duties with respect to estate property, the Receiver shall move the Court to be discharged. The Receiver shall file a final report and accounting setting forth all receipts and disbursements of the estate which shall be annexed to the petition for discharge and filed with the Court. Upon approval of the final report, the Court shall discharge the Receiver and exonerate the Receiver's bond. The Receiver's discharge releases the Receiver from any further duties and responsibilities as receiver under RCW 7.60.

27. **Financing**. The Receiver is authorized to obtain unsecured credit and incur unsecured debt in the ordinary course of Assignor's business, without further order of the Court. The Receiver, upon approval of the Court following ten days' notice (inclusive of mailing) and a hearing, may obtain credit or incur debt secured by a lien on the Assets.

28. **Consent**. Any secured creditor who receives notice of the receivership pursuant to RCW 7.60.200 and fails to seek removal of the Receiver pursuant to RCW 7.08.030(5) or dismissal of the receivership, within 30 days following the date upon which notice is mailed to

ORDER APPOINTING GENERAL RECEIVER - 14

creditors, shall be deemed to have consented to the receivership only for purposes of RCW 7.60.230(1)(b); provided that in accordance with the provisions of this Order and the applicable provisions contained in RCW 7.60, any secured creditor shall have the right to object to the amount of any administrative expenses, including, without limitation, the fees, charges and expenses of the Receiver, her attorneys and other professional persons entitled to priority over the claims of such secured creditor pursuant to RCW 7.60.230(1)(b).

29. **Jurisdiction**. This Court shall retain jurisdiction over any disputes arising from the receivership, or relating to the Receiver, which jurisdiction shall be exclusive and shall survive the termination of the receivership.

DATED this _____ day of December, 2023.

_____
JUDGE/COURT COMMISSIONER

ORDER APPOINTING GENERAL RECEIVER - 15

ORDER PRESENTED BY:

**STOEL RIVES LLP**

_____

_/s/ John S. Kaplan_
JOHN S. KAPLAN, Bar No. 23788
john.kaplan@stoel.com
206.386.7524

*Attorneys for Assignor*

ACCEPTANCE OF APPOINTMENT AS GENERAL RECEIVER:

By: _s/ Dominique R. Scalia_____
    Dominique R. Scalia, WSBA No. 47313

ORDER APPOINTING GENERAL RECEIVER - 16

# King County Superior Court
## Judicial Electronic Signature Page

Case Number: 23-2-24886-4
Case Title: In the Receivership of DOCKLIGHT BRANDS INC. VS

Document Title: Order

Signed By: Kenneth Schubert
Date: December 15, 2023

Judge: Kenneth Schubert

This document is signed in accordance with the provisions in GR 30.

Certificate Hash: 481396DEC720967B0E139916C393CCC6C602D245
Certificate effective date: 11/13/2023 4:13:37 PM
Certificate expiry date: 11/13/2028 4:13:37 PM
Certificate Issued by: C=US, E=kcscefiling@kingcounty.gov, OU=KCDJA, O=KCDJA, CN="Ken Schubert: VmwY3oJv7hGh04&#43;AcjRXTQ=="