The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* SIDESOLVE LLC,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>DOCKLIGHT BRANDS, INC.,<br><br>　　　　　　　Defendant. | Case No. 22-cv-1371-JNW<br><br>**RECEIVER'S RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT**<br><br>Noted for Consideration on:<br>March 8, 2024 |

　　　Dominique Scalia, the court appointed receiver ("Receiver") of Docklight Brands, Inc. ("Docklight") hereby responds to plaintiff's motion for entry of judgment. The Receiver does not intend to fight plaintiff's claim or its right to payment, but instead requests plaintiff to participate in the state court receivership and for this Court to defer under principles of comity to the state court insolvency proceedings.

　　　As plaintiff acknowledges, Docklight placed itself into a voluntary proceeding governed by Ch. 7.60 RCW on December 15, 2023. Pursuant to RCW 7.60.060, the Receiver has the power to generally prosecute and defend against claims brought against the debtor.

RESPONSE TO MOTION FOR ENTRY OF JUDGMENT - 1
22-cv-1371-JNW

**DBS | LAW**
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

Further, RCW 7.60.110 operates as a stay of actions – including the continuation of existing actions by third parties – against the debtor. While the "police powers" of the government are exempted, this action is an attempt to obtain a monetary judgment, presumably to enforce against the receivership estate of Docklight.

Under the general rule, "Federal courts should not assume a role in controversies in which a state court has taken control of assets . . ." *AMS Mktg. v. Fidelity Sec. Life Ins. Co.*, 830 F. Supp. 1284, 1286 (D. Ariz. 1993). However, if the action is in personam, as opposed to in rem, this prohibition is not jurisdictional. *See Navajo Life Ins. v. Fidelity and Deposit,* 807 F. Supp. 1485, 1487 (D. Ariz. 1992). So long as a federal court's ruling will not "interfere with the constructive possession" of the estate, federal court jurisdiction is not barred. *Id.*; *Grimes v. Crown Life Ins. Co.,* 857 F.2d 699, 701-02, n.2 (10th Cir. 1988). Even where the prohibition is not jurisdictional, the United States Supreme Court has recognized several situations in which exceptional circumstances warrant abstention from the exercise of federal jurisdiction.

Under the doctrine established in *Burford v. Sun Oil Co.,* 319 U.S. 315, 87 L. Ed. 1424, 63 S. Ct. 1098 (1943), federal courts should decline to exercise jurisdiction in proceedings involving essentially local issues arising out of a complicated state regulatory scheme. *AMS Mktg.*, 830 F. Supp. at 1286. The handling of the affairs of insolvent companies is an example of such a regulatory scheme and "federal courts have been reluctant to interfere in state receivership proceedings." *State of Idaho ex rel. Soward v. U.S.,* 858 F.2d 445, 450 (9th Cir. 1988). Once there is a receivership filing, "the state has concentrated suits involving

RESPONSE TO MOTION FOR ENTRY OF JUDGMENT - 2
22-cv-1371-JNW

DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

the local issue, *i.e.,* the receivership and the status of [the debtor]." *AMS Mktg.*, 830 F. Supp. at 1287.[1]

If this Court enters judgment and allows plaintiff to execute on the judgment through garnishments or otherwise, it will flip the orderly liquidation of Docklight on its head and potentially abrogate the state law receivership process. The Receiver is not advocating setting aside or re-litigating plaintiff's claims in the state court, but instead is asking plaintiff to submit its claim pursuant to RCW 7.60.210 (submission of claims in general receiverships) and to receive treatment as provided for in RCW 7.60.230 (priorities) and as adjudicated by the King County Superior Court. In requiring plaintiff to do so, this Court will be upholding the principles of comity espoused in *Burford* and its progeny.

At the very least, should this Court proceed to enter a judgment in this matter, the Receiver requests that any collection actions with respect to the judgment be stayed pending the outcome of the state court receivership proceeding. See *Tucker v. First Maryland Sav. & Loan, Inc.*, 942 F.2d 1401, 1405 (9th Cir. 1991) (discussing available alternative remedies of both dismissing or staying the federal action).

*I certify that this memorandum contains 630 words in compliance with local civil rules.*

DATED this 4th day of March, 2024.

DBS | LAW

*/s/ Daniel J. Bugbee*
Daniel Bugbee, WSBA No. 42412
155 NE 100th St Ste 205
Seattle, WA 98125-8015
(206) 489-3802

---

[1] While *AMS Mktg* involved an insurance company put into receivership by the state itself, Docklight can only avail itself of a state-court insolvency proceeding due to its nexus to the state-regulated cannabis industry, thus the same principles apply.

RESPONSE TO MOTION FOR ENTRY OF JUDGMENT - 3
22-cv-1371-JNW

DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

dbugbee@lawdbs.com
*Attorney for Defendant*

RESPONSE TO MOTION FOR ENTRY OF JUDGMENT - 4
22-cv-1371-JNW



DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury under the laws of the State of Washington, that on the date set forth below, I served the document(s) to which this is attached, in the manner noted, on the following persons:

*Attorneys for* **Plaintiff**

| | |
|---|---|
| MATT WALDROP, GA#349571<br>Assistant United States Attorney<br>United States Attorney's Office<br>700 Stewart Street, Suite 5220<br>Seattle, Washington 98101-1271 | ( ) Via U.S. Mail<br>( ) Via E-Mail<br>(X) Via E-Service<br>( ) Via Overnight Mail |

DATED this 4th day of March, 2024.

/s/ Daniel J. Bugbee
Daniel J. Bugbee, WSBA No. 42412

RESPONSE TO MOTION FOR ENTRY OF JUDGMENT - 5
22-cv-1371-JNW

DBS|LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737