The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* SIDESOLVE LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>DOCKLIGHT BRANDS, INC.,<br><br>    Defendant. | Case No.  22-cv-1371-JNW<br><br>Noted for Consideration on:<br>March 8, 2024 |

**REPLY IN FURTHER SUPPORT OF
THE UNITED STATES' MOTION FOR ENTRY OF JUDGMENT**

Docklight acknowledges that the United States is entitled to payment and does not dispute that the parties have negotiated a valid False Claims Act (FCA) settlement agreement that resolves the federal claims pending before this Court. Dkt. 22 at 1, 3. In opposing entry of a judgment consistent with that agreement, Docklight instead requests that the Court dismiss or stay this civil action based on *Burford*[1] abstention and principles of comity. *Id.*

---

[1] *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).

REPLY IN FURTHER SUPPORT OF
MOTION FOR ENTRY OF JUDGMENT - 1
CASE NO. 22-cv-1371-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Granting Docklight's request forces the United States out of the judicial forum the parties agreed to and requires the United States to seek payment as a creditor in a recently filed Washington State Superior Court receivership proceeding.

As will be shown below, the Court should reject this request, exercise its jurisdiction, and enter judgment for the United States in the amount of $989,438.00 because *Burford* abstention does not apply in this case.

I.  **ARGUMENT**

   A.  **The Court has authority and should enter judgment in favor of the United States.**

As explained in the United States' Motion, "it is . . . well settled in the usual litigation context that courts have inherent power summarily to enforce a settlement agreement with respect to an action pending before it[.]" *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978); *Gonzalez v. Compass Vision, Inc.*, No. 07cv1951 AJB (WMC), 2013 WL 6158987, at *1 (S.D. Cal. Nov. 25, 2013). "The authority of a trial court to enter a judgment enforcing a settlement agreement has as its foundation the policy favoring the amicable adjustment of disputes and the concomitant avoidance of costly and time consuming litigation." *Dacanay*, 573 F.2d at 1078. Enforcement requires a complete settlement agreement agreed to by both parties. *Compass Vision, Inc.*, 2013 WL 6158987, at *1 (citing *Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994)).

Docklight does not dispute that the Court has authority to enter judgment in favor of the United States based on the terms of the parties' FCA settlement agreement. Under that agreement, Docklight consented to the United States District Court for the Western District of Washington as the exclusive venue for any dispute over the agreement. *See* Dkt. 20-2 at ¶ 21.

Accordingly, the Court should enter judgment in favor of the United States.

REPLY IN FURTHER SUPPORT OF
MOTION FOR ENTRY OF JUDGMENT - 2
CASE NO. 22-cv-1371-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**B.      *Burford* abstention does not apply.**

To get around its agreed-upon commitment to pay the United States, and its consent to this federal forum, Docklight asks the Court to exercise its discretion and dismiss or stay this civil action under the *Burford* abstention doctrine because of its recently-filed state court receivership proceeding. Dkt. 22 at 2-3.

The Court should reject this invitation as "[a]bstention from the exercise of federal jurisdiction 'is the exception, not the rule[.]'" *Knudsen Corp. v. Nevada State Dairy Com'n*, 676 F.2d 374, 376 (9th Cir. 1982) (quoting *Colorado River Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976)). "[O]rdinarily a federal court must decide cases properly before it[.]" *Colorado River*, 424 U.S. at 813. "*Burford* abstention is designed 'to protect[] complex state administrative processes from undue federal influence.'" *Blumenkron v. Multnomah Cnty.*, 91 F.4th 1303, 1312 (9th Cir. 2024) (quoting *Poulos v. Caesar's World, Inc.*, 379 F.3d 654, 671 (9th Cir. 2004)).

Application of *Burford*[2] abstention in the Ninth Circuit requires Docklight to establish each of the following:

> (1) that the state has chosen to concentrate suits challenging the actions of the agency involved in a particular court;
>
> (2) that federal issues could not be separated easily from complicated state law issues with respect to which the state courts might have special competence; and
>
> (3) that federal review might disrupt state efforts to establish a coherent policy.

*Id.* (internal quotation marks and citation omitted).

---

[2] The posture of this case as compared to *Burford* also shows why abstention is not appropriate. This case involves the United States, as a party, exercising its police powers through enforcement of a federal statutory scheme combatting fraud. *Burford* involved litigation between private parties, with jurisdiction based solely on diversity. *See* 319 U.S. at 316 (summarizing the litigation as a private party, through diversity jurisdiction, challenging a complex state regulatory scheme enforced by the Texas Railroad Commission).

REPLY IN FURTHER SUPPORT OF
MOTION FOR ENTRY OF JUDGMENT - 3
CASE NO. 22-cv-1371-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

As will be shown below, Docklight has not shown why *Burford* abstention applies to this federal False Claims Act litigation. Accordingly, the Motion should be granted, and judgment entered in favor of the United States.

### 1. Washington has not created a complex regulatory scheme for receiverships.

The Court should decline to abstain because there is no indication that Washington has chosen to concentrate general receivership suits in a particular court or created a complex regulatory scheme to address general receivership actions. *Compare Stirling Hort, LLC v. Industrial Ventilation, Inc.*, No. C22-1155-JCC, 2023 WL 3866702, at *2 (W.D. Wash. June 7, 2023) (finding *Burford* abstention appropriate because Washington has "enacted a comprehensive regulatory scheme to manage" state cannabis sales) *with United States v. Bayley*, No. 3:20-cv-05867-DGE, 2022 WL 770292, at *4-*5 (W.D. Wash. Jan. 10, 2022) (declining to abstain under *Burford* because Clean Water Act enforcement actions "are not concentrated in a particular state court," and are "routinely brought and adjudicated in U.S. district courts").

The district court's approach in *Tis v. Waucpaca Elevator Company, Incorporated*, is instructive on how the Court should proceed in this instance. In *Tis*, a defendant moved to stay/dismiss the federal court action on *Burfurd* abstention grounds because it had subsequently entered state court receivership proceedings voluntarily. No. 7:21-cv-200-BO, 2022 WL 3590318, at *1-*2 (E.D.N.C. Aug. 22, 2022). The district court denied the motion, finding that *Burford* abstention was not appropriate because the state court receivership order was not binding on the federal court, the federal court case preceded the state receivership action, and there was no evidence the issues before the district court were "intertwined or entangled" with the receivership action. *Id.*

REPLY IN FURTHER SUPPORT OF
MOTION FOR ENTRY OF JUDGMENT - 4
CASE NO. 22-cv-1371-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Here, Docklight has not explained how Washington's general receivership process works, or why it is the kind of "complex state administrative process" that would require application of "an extraordinary and narrow exception to the general rule that a federal court should adjudicate cases otherwise properly before it." *Blumenkron*, 91 F.4th at 1311-12. Instead, like the district court in *Tis*, this Court can—**and should**—continue to exercise its jurisdiction over this first-filed federal FCA civil action and enter a judgment consistent with the parties' settlement agreement, especially when, like the defendant in *Tis*, Docklight voluntarily entered into this state receivership proceeding. *Tis*, 2022 WL 3590318, at *2.

Accordingly, the Court should grant the Motion and enter judgment in favor of the United States.

### 2. The federal issue is easily separable.

*Burford* abstention is also inappropriate because this Court can easily decide this dispute without impacting Docklight's state receivership proceeding. "*Burford* abstention is designed to limit federal interference with the development of state policy. It is justified where the issues sought to be adjudicated in federal court are primarily questions regarding that state's laws." *Tucker v. First Maryland Sav. & Loan, Inc.*, 942 F.2d 1401, 1407 (9th Cir. 1991).

Here, the settlement agreement between the parties is governed by "the laws of the United States," involves the United States directly, and provides that this Court retains "exclusive jurisdiction" and be the exclusive "venue for any dispute relating to" the agreement. Dkt. 20-2 at ¶ 21. The Court is simply being asked to enter a judgment consistent with the agreement reached by the parties.

This task is easily separated from Washington's general receivership process, especially when Docklight has consented to this Court's jurisdiction. *See Southern California Edison Co. v. Lynch*, 307

REPLY IN FURTHER SUPPORT OF
MOTION FOR ENTRY OF JUDGMENT - 5
CASE NO. 22-cv-1371-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

F.3d 794, 806 (9th Cir. 2002) (declining to apply *Burford* abstention because the plaintiff had "expressly waived any abstention defense . . . and consented to the Stipulated Judgment" keeping the matter in federal court).

Again, Docklight cannot point to any decision that holds *Burford* abstention is appropriate simply because there is a pending state court receivership proceeding. Instead, Docklight relies on inapposite cases that present unique factual situations to support its improper request that the Court abstain in this matter. The critical distinguishing factor in all of these cases is that they involve an insolvent insurance company in state receivership proceedings. *See Riley v. Simmons*, 45 F.3d 764, 771 (3d Cir. 1995) ("*Burford* abstention has particular relevance to claims arising in the course of state regulation of insolvent insurance companies.").

First, Docklight incorrectly relies on *AMS Mktg. v. Fidelity Sec. Life Ins. Co.*, 830 F. Supp. 1284 (D. Ariz. 1993), which involved Arizona's statutory scheme for the regulation of insurance companies, a regulatory power that is expressly given to the states under the federal McCarran-Ferguson Act. *Id.* at 1287 ("The handling of the affairs of insolvent insurance companies is generally the responsibilities of the states and federal courts have been reluctant to interfere in state receivership proceedings."). Additionally, *AMS* did not involve any issues of federal law. *Id.*

This same unique fact pattern is also present in *Navajo Life Insurance Company by Gallagher v. Fidelity and Deposit Company of Maryland*. In *Navajo Life*, the district court found *Burford* abstention appropriate because "Arizona has enacted a detailed regulatory scheme for the regulation of the insurance industry." 807 F. Supp. 1485, 1489 (D. Ariz. 1992). Arizona law gave its state courts "original jurisdiction over insurance liquidation proceedings," which made abstention appropriate in that unique instance. *Id.*

REPLY IN FURTHER SUPPORT OF
MOTION FOR ENTRY OF JUDGMENT - 6
CASE NO. 22-cv-1371-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Finally, Docklight relies on *Idaho, ex rel. Soward v. United States*, but that case also involved the state's exclusive regulation of insurance companies. 858 F.2d 445, 446-47 (9th Cir. 1988). Washington has a similar regulatory scheme for insolvent insurance companies.[3] This scheme does not exist for general receivership actions, which are governed by a different RCW title.

None of these cases relied on by Docklight are applicable to the issue before the Court, which is simply whether the United States, as a party exercising its police powers to combat fraud on the government, is entitled to entry of a judgment under the terms of the parties' FCA settlement agreement.

Accordingly, the Court should grant the Motion and enter judgment in favor of the United States.

### 3. Entry of a judgment will not disrupt Washington's efforts to establish a coherent receivership policy.

Entry of a judgment in favor of the United States would also not disrupt Washington's coherent policy around receiverships. Docklight's conclusory statement that entry of a judgment will "flip the orderly liquidation of Docklight on its head and potentially abrogate the state law receivership process," dkt. 22 at 3, is insufficient to explain why *Burford* abstention is appropriate here. *See Corvallis Hospitality, LLC v. Wilmington Trust*, No. 6:22-cv-00024-MC, 2022 WL 1969498, at *2 (D. Or. June 6, 2022) (rejecting request to apply *Burford* abstention because plaintiff "has not shown any state efforts to implement a coherent state-wide policy").

---

[3] *See* https://www.insurance.wa.gov/companies-receivership

REPLY IN FURTHER SUPPORT OF
MOTION FOR ENTRY OF JUDGMENT - 7
CASE NO. 22-cv-1371-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Here, entry of a judgment by the Court will not interfere with Docklight's state receivership action because the United States must seek further action to enforce payment of the judgment. Docklight cannot provide the Court with any concrete example why entry of a judgment in this case will impact Washington's policy on receiverships.

Accordingly, the Court should grant the Motion and enter judgment in favor of the United States.

C. **The Court should deny Docklight's request to stay these proceedings.**

The Court should also reject Docklight's last-ditch attempt stay the United States' ability to collect on a judgment until the state receivership proceeding is concluded. Dkt. 22 at 3. Docklight offers *Tucker v. First Maryland Savings & Loan, Inc.* for the proposition that a stay is appropriate. *Id.* (citing 942 F.2d 1401, 1405 (9th Cir. 1991)). However, that court noted in passing that the district court likely erred by staying the case, because, if *Burford* abstention applies, then dismissal is the appropriate remedy. *Id.* at 1405 n.1. *Tucker* does not stand for the proposition that *Burford* abstention requires this Court to stay proceedings.

Docklight offers no other justification or case law supporting its conclusory request to stay these proceedings if judgment is entered in favor of the United States. Docklight states that Washington's receivership statute provides for a general stay but concedes that the stay provision does not apply here because it expressly exempts the government's exercise of police powers, like the United States' actions under the FCA in this case. Dkt. 22 at 2; *see also In re Universal Life Church, Inc.*, 128 F.3d 1294, 1298 (9th Cir. 1997) (noting that "a civil suit brought pursuant to the Federal False Claims Act is sufficient to satisfy" the fraud exception to the Bankruptcy Act's automatic stay provisions).

REPLY IN FURTHER SUPPORT OF
MOTION FOR ENTRY OF JUDGMENT - 8
CASE NO. 22-cv-1371-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Here again, reference to the parties' agreement is instructive as to why a stay is not appropriate in this case. Docklight explicitly waived the 30-day execution of judgment provision and the 30-day demand for payment requirement. Dkt. 20-2 at ¶ 18. Docklight agreed that the United States "may immediately enforce payment of the full amount due under the Agreement . . . via writ of garnishment or any other legal process." *Id.* Based on Docklight's previous commitments to resolve this matter through settlement, its request to stay proceedings should be rejected by the Court.

Accordingly, the Court should grant the Motion and enter judgment in favor of the United States.

## II.  CONCLUSION

Under the terms of the Settlement Agreement, the United States requests that the Court enter judgment in favor of the United States in the amount of $989,438.00.

Dated this 8th day of March, 2024.

TESSA M. GORMAN
United States Attorney

*s/ Matt Waldrop*
MATT WALDROP, GA#349571
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone:  206-553-7970
Fax:  206-553-4067

*Attorneys for the United States of America*

I certify that this memorandum contains 2,238 words, in compliance with the Local Civil Rules.

REPLY IN FURTHER SUPPORT OF
MOTION FOR ENTRY OF JUDGMENT - 9
CASE NO. 22-cv-1371-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970