UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DOCKLIGHT BRANDS INC., <br><br> Defendant. | CASE NO. 2:22-cv-1371 <br><br> ORDER |

# 1. INTRODUCTION

This matter comes before the Court on Plaintiff United States of America's Motion for Entry of Judgment. Dkt. No. 20. Having considered the record, the law, and the parties' briefing, the Court hereby GRANTS the motion and DIRECTS the Clerk of Court to enter judgment for $989,438.00, to be paid to the United States of America by Defendant Docklight Brands, Inc.

# 2. BACKGROUND

On September 27, 2022, Relator Sidesolve LLC filed a qui tam action against Defendant Docklight Brands, Inc. ("Docklight"), a cannabis brand holding company, alleging it violated the False Claims Act, 31 U.S.C. § 3729, when it represented to

**ORDER** - 1

the Government that it was not engaged in illegal activity under federal law to obtain financial assistance via the Paycheck Protection Program (PPP) under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act). Dkt. No. 1. On November 6, 2023, after being served with a copy of the Complaint and investigating the allegations, the Government moved to partially unseal this matter for purposes of settlement discussions. Dkt. No. 13. On December 11, 2023, the parties executed a Settlement Agreement. Dkt. No. 20-2. Under the agreement, Docklight promised to pay $989,438.00 to the Government, due in full immediately, in exchange for a release from liability. *Id.*

Three days after executing this agreement, Docklight voluntarily assigned all its assets to an assignee ("Receiver") to serve as a general receiver. Dkt. No. 20-3 at 2-3. The King County Superior Court of the State of Washington issued an order formally placing the Receiver in charge of Docklight's assets under RCW 7.08 and RCW 7.60. *Id.*

In February 2024, the Government communicated with the Receiver, requesting to jointly present a consent judgment to this Court consistent with the parties' Settlement Agreement. Dkt. No. 20-4 at 3. The Receiver declined, asserting that "[t]he laws of the state governing the receivership direct me to go through the claims process in the Superior Court and impose a stay of proceedings against the company outside of that process." *Id.* at 2.

To date, the United States has not received the $989,438.00 that Docklight agreed to pay under the Settlement Agreement. Dkt. No. 20-1 at 2; *see also* Dkt. No. 24. The Government seeks a judgment against Docklight for the amount owed. Dkt.

**ORDER** - 2

No. 20. The Receiver opposes, arguing that (1) under RCW 7.60.110, ongoing state court receivership proceedings stay the Government's action against Docklight; (2) under the *Burford* abstention doctrine, the Court should discretionarily decline to exercise jurisdiction, *see Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); and (3) if the Court does enter judgment in line with the Settlement Agreement, the Court should discretionarily stay any collection actions pending the outcome of the receivership proceeding. Dkt. No. 22.

### 3.  DISCUSSION

**3.1  RCW 7.60.110 does not stay the Government's action against Docklight.**

The Receiver argues that, under RCW 7.60.110, the state court receivership proceeding "operates as a stay of actions—including the continuation of existing actions by third parties—against the debtor." Dkt. No. 22 at 2. This argument fails.

In general, the appointment of a general receiver will stay actions, proceedings, and enforcement of judgments against the person over whose property the receiver is appointed. RCW 7.60.110(1). The King County Superior Court Order creating the receivership over Docklight's assets not only incorporates this statutory stay, but it also states that "the Stay is hereby extended to remain in effect until the earlier of (a) the termination of the receivership, or (b) upon motion of any party in interest, and entry of an order terminating the stay resulting from the same." Dkt. No. 20-3 at 9-10.

However, as the Receiver concedes, "the 'police powers' of the government are exempted" from this statutory stay. Dkt. No. 22 at 2. "The entry of an order

appointing a receiver does not operate as a stay of… [t]he commencement or continuation of an action or proceeding by a governmental unit to enforce its police or regulatory power." RCW 7.60.110(3)(e). Here, the Government pursues its claim against Docklight to enforce its police or regulatory powers under the False Claims Act. Thus, neither the statutory stay nor the Order incorporating the statutory stay precludes continuation of this action.

### 3.2   *Burford* abstention is not appropriate in this matter.

The usual forum to enforce a contract is state court. Yet the Receiver does not dispute that a federal district court has "inherent power summarily to enforce a settlement agreement with respect to an action pending before it." *See Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978) (citing *Kukla v. Nat'l Distillers Prod. Co.*, 483 F.2d 619, 621 (6th Cir. 1973) ("Such a judgment is in the nature of a judgment by consent.")). Thus, rather than challenging the Court's authority to enter judgment enforcing the Settlement Agreement, the Receiver instead argues that the Court should discretionarily abstain from doing so under "principles of comity espoused in *Burford* and its progeny." Dkt. No. 22 at 2-3 (arguing that federal judgment enforcement would "flip the orderly liquidation of Docklight on its head and potentially abrogate the state law receivership process").

"Abstention is well recognized as an 'extraordinary and narrow exception' to the general rule that a federal court should adjudicate cases otherwise properly before it." *Blumenkron v. Multnomah Cnty.*, 91 F.4th 1303, 1311-2 (9th Cir. 2024) (citing *Colo. River Water Cons. Dist. v. United States*, 424 U.S. 800, 813 (1976)).

"*Burford* abstention is designed to protect complex state administrative processes from undue federal interference." *Id.* (cleaned up) (citing *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 671 (9th Cir. 2004) (quoting *Tucker v. First Md. Sav. & Loan, Inc.*, 942 F.2d 1401, 1404 (9th Cir. 1991)). The Supreme Court has explained:

> Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case at bar"; or (2) where the "exercise of federal review ... would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

*New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 360 (1989) (quoting *Colo. River Water Conservation Dist.*, 424 U.S. at 814). "The Supreme Court has held that abstention from jurisdiction is 'the exception, not the rule' and described 'federal courts' obligation to adjudicate claims within their jurisdiction as virtually unflagging.'" *Ozone Int'l, LLC v. Wheatsheaf Grp. Ltd.*, No. 2:19-CV-01108-RAJ, 2021 WL 2569960, at *11 (W.D. Wash. June 23, 2021) (quoting *New Orleans Pub. Serv.*, 491 U.S. at 359) (holding federal jurisdiction "would not be disruptive to state receivership policy").

"In the Ninth Circuit, application of *Burford* abstention requires: (1) 'that the state has chosen to concentrate suits challenging the actions of the agency involved in a particular court;' (2) 'that federal issues could not be separated easily from complicated state law issues with respect to which the state courts might have special competence;' and (3) 'that federal review might disrupt state efforts to establish a coherent policy.'" *Blumenkron*, 91 F.4th at 1312 (quoting *United States*

*v. Morros*, 268 F.3d 695, 705 (9th Cir. 2001)). When all three requirements are met, the decision to abstain under *Burford* is a matter of judicial discretion. *Id.*; *see also Hawthorne Sav. F.S.B. v. Reliance Ins. Co. of Illinois*, 421 F.3d 835, 844 n.8 (9th Cir. 2005), amended, 433 F.3d 1089 (9th Cir. 2006); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 723-8 (1996). The Court considers each of the Ninth Circuit *Burford* abstention requirements in turn.

### 3.2.1 The receivership scheme at-issue does not concentrate suits challenging agency actions into state court.

In line with the purpose of *Burford* abstention to protect "complex administrative processes from undue federal interference," the first requirement for the doctrine's application is a state-law scheme in which the state has chosen to concentrate review of state agency orders in a state court. *Blumenkron*, 91 F.4th at 1312; *see generally, e.g.*, *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) (affirming dismissal of complaint challenging order of Texas Railroad Commission granting oil drilling permit where such orders, by statute, were reviewable by state courts).

This case does not present such a scheme. Docklight's receivership proceeding is taking place in state court, not an administrative agency forum. *See generally* RCW 7.60; Dkt. No. 20-3; *see also, e.g.*, WAC 197-11-714 (defining "agency" to exclude judiciary). "As this case does not concern the review of state agency proceedings or orders, *Burford* abstention does not apply." *See Exec. Risk Indem., Inc. v. Pac. Educ. Servs., Inc.*, 451 F. Supp. 2d 1147, 1155 (D. Haw. 2006) (declining to apply *Burford* in relation to state court receivership proceeding).

**ORDER** - 6

The Receiver cites *AMS Mktg.*, *State of Idaho ex rel. Soward*, and *Navajo Life* for the proposition that federal courts in the Ninth Circuit do, and should, decline to exercise jurisdiction over claims against entities undergoing state court receivership proceedings. Dkt. No. 22 at 2-3. But these cases involve insurance companies and are therefore distinguishable. *See AMS Mktg. v. Fid. Sec. Life Ins. Co.*, 830 F. Supp. 1284 (D. Ariz. 1993); *State of Idaho ex rel. Soward v. United States*, 858 F.2d 445 (9th Cir. 1988); *Navajo Life Ins. v. Fid. and Deposit*, 807 F. Supp. 1485 (D. Ariz. 1992). Under the federal McCarran-Ferguson Act, 15 U.S.C. § 1011, "states alone may regulate the 'business of insurance.'" *State of Idaho ex rel. Soward*, 858 F.2d at 450. "Thus, federal courts have been reluctant to intrude in state proceedings, adhering to the view that whether it be liquidation or reorganization, the handling of the affairs of insolvent insurance companies is a responsibility retained by the states." *Id.*; *see also First Penn-Pac. Life Ins. Co. v. Evans*, 304 F.3d 345, 350 (4th Cir. 2002) (citing numerous cases in which federal courts decline to exercise jurisdiction over claims against insolvent insurers); *Riley v. Simmons*, 45 F.3d 764, 771 (3d Cir. 1995) ("*Burford* abstention has particular relevance to claims arising in the course of state regulation of insolvent insurance companies.").

Here, the Receiver argues that Docklight is analogous to an insolvent insurance company because, akin to insurance companies, "Docklight can only avail itself of a state-court insolvency proceeding due to its nexus to the state-regulated cannabis industry." Dkt. No. 22 at 3 n.1. In a narrow sense, this may be true. *See, e.g.*, *In re Kojima*, No. 8:23-CV-00167-RGK, 2023 WL 4602623 (C.D. Cal. July 17, 2023 ("As a result of the conflict between federal and state law when it comes to

**ORDER** - 7

cannabis, federal bankruptcy courts seeking to dispose of cannabis related assets risk violating the [Controlled Substance Act] themselves, or at least becoming a conduit to a CSA violation."). But unlike insolvent insurance companies, Docklight is subject to the general statutory scheme that governs all state-court receivership proceedings in the State of Washington. *See generally* RCW 7.60. By contrast, insurance companies are excepted from that scheme. RCW 7.60.300 ("This chapter does not apply to any proceeding authorized or commenced under Title 48 RCW."). Under the scheme governing insurance companies, the Insurance Commissioner serves as the receiver, taking direct charge of the insolvent insurer's assets. RCW 48.99.020. This represents a level of agency involvement categorically distinct from the agency involvement, if any, in Docklight's general receivership proceeding.[1]

As such, the Court finds the first *Burford* requirement is not met.

### 3.2.2   Federal issues are easily separated from relevant state-law issues.

The second requirement for *Burford* abstention is that the federal issues presented are not easily separated from "complicated state law issues with respect to which the state courts might have special competence.*" Blumenkron*, 91 F.4th at 1312. Courts must answer this question because abstention is inappropriate where

---

[1] Granted, the Washington State Liquor and Cannabis Board does have a regulatory scheme requiring cannabis-business licensees who file a receivership action to serve the board with notice of the action and to receive board approval of the receiver. WAC 314-55-137. But this is vastly different from the agency itself assuming control of the licensee's business, as in the insurance context. Further, the filings to-date do not make clear whether Docklight, as a brand holding company, is itself a licensee subject to this administrative scheme.

**ORDER** - 8

"the federal questions… can readily be identified and reserved without colliding with what are essentially state claims." *Id.* at 1314.

The Government's federal claim against Docklight can be easily separated from the state-law issues involved in the receivership proceeding. The parties executed the Settlement Agreement, with the settlement amount due in full upon execution, before Docklight entered receivership proceedings. *See, e.g.*, *Tis v. Waupaca Elevator Co., Inc.*, No. 7:21-CV-200-BO, 2022 WL 3590318 (E.D.N.C. Aug. 22, 2022) (declining to apply *Burford* where "case was filed prior to the Wisconsin receivership proceeding, which was entered into voluntarily by defendant"). The Settlement Agreement is governed by "the laws of the United States," involves the United States directly as a party, and provides that this Court retains "exclusive jurisdiction" and is the exclusive "venue for any dispute relating to" the agreement. Dkt. 20-2 ¶ 21. Resolving the federal issues underlying Docklight's liability requires no analysis of Washington state receivership law and policy. As a result, the Court finds that the second requirement for *Burford* abstention is not satisfied.

### 3.2.3   The exercise of federal jurisdiction will not disrupt state efforts to establish a coherent policy.

The third requirement for *Burford* abstention is that "federal review might disrupt state efforts to establish a coherent policy." *Blumenkron*, 91 F.4th at 1312.

Here, the relevant state policy is embodied in Washington's Receivership Act, RCW 7.60, which the legislature adopted "to create more comprehensive, streamlined, and cost-effective procedures applicable to proceedings in which property of a person is administered by the courts of this state for the benefit of

**ORDER** - 9

creditors and other persons having an interest therein." Ch. 165, sec. 1, 2004 Wash. Sess. Laws 591, 591. Included in the Act is a scheme prioritizing the order in which different categories of creditor claims are to receive distribution from the assets in a receivership estate. RCW 7.60.230.

The Receiver argues that "enter[ing] judgment and allow[ing] plaintiff to execute on the judgment through garnishments and otherwise… will flip the orderly liquidation of Docklight on its head and potentially abrogate the state law receivership process." Dkt. No. 22 at 3. But the motion currently before the Court is not for execution of judgment; it is only for entry of judgment. Merely entering judgment, absent a writ of execution, does not allow the Government to bypass the receivership or subvert the state-law creditor prioritization scheme. "Nothing in the bare existence of a judgment would interfere with the forum court's resolution of priority issues." *Hawthorne Sav. F.S.B. v. Reliance Ins. Co. of Illinois*, 421 F.3d 835 (9th Cir. 2005), amended, 433 F.3d 1089 (9th Cir. 2006); *see also Arctic Zero, Inc. v. Aspen Hills, Inc.*, No. 17-CV-00459-AJB-JMA, 2017 WL 5569850 (S.D. Cal. Nov. 20, 2017) ("As an *in personam* action, the Court would merely be reducing a claim to judgment, which would not interfere with the receivership property.") (citing *U.S. Bank Nat. Ass'n v. Johnny A. Ribeiro, Jr. Family Trust*, No. 3:11–cv–00691–RCJ-WGC, 2012 WL 280709, at *1 (D. Nev. Jan. 31, 2012) ("[T]he present case is an *in personam* contract action for a money judgment against Guarantors, not an *in rem* case seeking to control the real estate securing the Note. The present case therefore cannot conflict with the state court's control over the res.")).

Moreover, even if entry of judgment did obstruct the receivership process, the Receiver has not shown that such an obstruction would broadly hinder the creation of coherent state policy around receiverships. Thus, the Court finds that the third requirement for *Burford* abstention is not satisfied.

**3.3    The Receiver's request to stay any collection actions is premature.**

Finally, the Receiver requests that "[a]t the very least, should this Court proceed to enter a judgment in this matter… any collection actions with respect to the judgment [should] be stayed pending the outcome of the state court receivership proceeding." Dkt. No. 22 at 3. As discussed above, *see supra* § 3.2.3, the motion currently before the Court is for entry of judgment, not enforcement of judgment. Thus, the Receiver's request to stay a future enforcement action is premature and does not affect the Court's decision regarding entry of judgment.

## 4.   ORDER

For the reasons stated above, the Court GRANTS the Government's Motion to Enter Judgment and DIRECTS the Clerk of Court to enter judgment for $989,438.00, to be paid to the United States of America by Defendant Docklight Brands, Inc.

It is so ORDERED.

Dated this 27th day of September, 2024.

Jamal N. Whitehead
United States District Judge